UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERLICE CARMIL,<br><br>Petitioner,<br><br>v.<br><br>JOHN TSOUKARIS, et al.,<br><br>Respondents | Civil Action No. 16-2335 (JLL)<br><br><br>OPINION |

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Berlice Carmil, pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 4), to which Petitioner has replied. (ECF No. 9). For the following reasons, this Court will deny the petition.

## I. BACKGROUND

Petitioner, Berlice Carmil, is a native and citizen of Haiti who has resided in the United States as a lawful permanent resident since December 1995. (*See* Docket No. 16-236 at ECF No. 4 at 1). On June 28, 2005, Petitioner was convicted of second degree robbery in New Jersey and was sentenced to a term of eight years of imprisonment with an eighty five percent parole disqualifier. (*Id.*). Petitioner was thereafter released from the custody of the New Jersey Department of Corrections on April 18, 2011. (*Id.*).

Four years later, Petitioner was taken into custody by immigration officials on June 19, 2015, and was detained pursuant to 8 U.S.C. § 1226(c) pending the outcome of removal proceedings. (*Id.*). On January 14, 2016, Petitioner filed an immigration habeas petition arguing that his continued detention between June 2015 and January 2016 had become unreasonable, and

was therefore unconstitutional pursuant to *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). (Docket No. 16-237 at ECF No. 4 at 1-2). Following a letter from the Government in which it conceded that Petitioner's continued detention was not distinguishable from that found unreasonable absent a bond hearing in *Chavez-Alvarez*, this Court concluded that Petitioner was entitled to a bond hearing and granted that Petition on March 23, 2016. (*Id.* at 2-3). In ordering a bond hearing for Petitioner, this Court acknowledged that Petitioner's continued detention absent a bond hearing had become unreasonable, and held that, under *Chavez-Alvarez* and *Diop*, Petitioner was therefore entitled to a bond hearing where an immigration judge would be required to determine whether Petitioner should remain in detention based on his being either a flight risk or danger to the community. (*Id.*).

On April 11, 2016, Immigration Judge Alan Vomacka conducted a bond hearing for Petitioner pursuant to this Court's order. (ECF No. 4-1). Following that hearing, the immigration judge concluded that Petitioner was a danger to the community based on his criminal history and pending criminal charges, as well as Petitioner's failure to provide any support for the assertion that he had changed. (*Id.*). On June 8, 2016, the immigration judge filed a written memorandum explaining his conclusion that Petitioner should not be granted bond. (ECF No. 4-2).

In his memorandum, the immigration judge first discussed the Third Circuit's decisions in *Diop* and *Chavez-Alvarez*. (*Id.* at 3-5). Despite this Court's bond grant order which essentially found that Petitioner's continued detention was unreasonable absent a bond determination based on Petitioner's danger to the community or flight risk, the immigration judge then concluded, based on what was essentially a *de novo* consideration of the *Chavez-Alvarez* reasonableness question, that Petitioner's detention was reasonable. (*Id.* at 4-5). Although the immigration judge,

in so doing, was essentially disagreeing with this Court's bond grant order, he ultimately turned to the question that this Court specifically placed before him - whether Petitioner was a sufficient threat to the public or flight risk such that he should not be granted bond. (*Id.* at 5). The immigration judge explained his conclusion that Petitioner should not receive bond as follows:

> Once an alien's detention is found to be unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is not necessary to fulfill the purposes of the detention statute." *Diop*, 656 F.3d at 233. [The Government] must establish with evidence particular to the alien that continuing to detain him or her is necessary to ensure that the alien attends removal hearings or that his or her release will pose a danger to the community. *Diop*, 656 F.3d at 233; *Leslie* [*v. Att'y Gen. of the United States*, 678 F.3d 265, 271 (3d Cir. 2012)]; *Chavez-Alvarez*, 783 F.3d at 478.
>
> In the instant case, [Petitioner's] detention is reasonable and thus, the court need not reach the question of whether his continued detention is necessary. *Diop*, 656 F.3d at 233 (holding that [8 U.S.C. § 1226(c)] is "only unconstitutional when it is applied to detain someone for an unreasonable length of time without further individualized inquiry into whether detention is necessary to carry out the purposes of the statute."). However, even if, assuming *arguendo*, [Petitioner's] detention was unreasonable, [the Government] has met its burden of establishing that his continued detention is necessary to fulfill the statute's purpose of ensuring that he attends his removal proceedings and that his release will not pose a danger to the community. *Diop*, 656 F.3d at 233; *Leslie*, 678 F.3d at 271; *Chavez-Alvarez*, 783 F.3d at 478. [The Government] has shown that [Petitioner] was convicted of a serious crime: Robbery, in violation of N.J. Stat. Ann. § 2C:15-1, [for] which he was sentenced to eight years in prison. Robbery by its nature poses a threat of imminent danger to the victim, and an indirect threat of harm to any bystander or police officer who attempts to prevent the crime. [The Government] argued that this conviction, in addition to [Petitioner's] juvenile adjudications in 2003 for possession of firearms and possession of a controlled substance, render him a danger to society.
>
> [The Government] also presented evidence that [Petitioner] is currently facing drug charges. Although the court did not consider [those charges] as proof of guilt, the court notes that [Petitioner's] actions in placing himself in such a situation (he admits he remained

3

> in a home where he knew cocaine was in open view, while on parole) indicate a lack of judgment.
>
> [Petitioner] presented conclusory statements regarding his change of character. He claimed that he had been rehabilitated, and presented letters regarding his anger management and substance abuse treatment, and certificates for completion of masonry, cosmetology, and plumbing classes[.] He also argued that the circumstances regarding his parole violation – that he was residing at his family's home when officers found cocaine on the table that did not belong to him – indicate that he is not a danger to society. He also argued that he was only a juvenile at the time of his robbery arrest. However, in balancing the seriousness of [Petitioner's] conviction with the positive factors present, the court finds that [Petitioner] is a danger to the community. *Chavez-Alvarez*, 783 F.3d [at] 469, 474, 475 n.7[;] *Diop*, 656 F.3d at 234-35; *see also Leslie*, 678 F.3d at 271. [Petitioner's] juvenile adjudications and robbery convictions indicate that he has a propensity to commit crimes and has a disregard for the laws of the United States. Thus, he is a danger to society.
>
> In addition, the court finds that [Petitioner] constitutes a flight risk. In general, the court assesses whether [Petitioner] is a bond risk by considering any factor which tends to indicate a respectful attitude toward our laws and court procedures, stability and reliability in complying with schedules and deadlines, and [Petitioner's] motivation to attend any further court proceedings related to this case[.] The factors often mentioned in these decisions as positive points include a stable employment history, lengthy residence in the U.S., existence of family ties here, a lack of serious criminal or immigration violations, and no history of non-appearance for court proceedings. A long and serious criminal record may be seen as evidence of bad character which may justify a higher bond amount[.] Here, although [Petitioner] presented evidence of family ties and lengthy residence in the U.S., given that he has a conviction for robbery, a juvenile adjudication involving firearms and drugs, and pending criminal charges, the court finds that he constitutes a flight risk. In regard to this issue, the pending drug charges against [Petitioner] are appropriate to consider. An alien facing removal proceedings at the same time he must defend against a new serious controlled substance prosecution is more likely to be tempted to flee, at least to hope that the state charged might be dropped if witnesses or evidence becomes unavailable.

(Document 2 attached to ECF No. 4 at 5-6).

Following the denial of his bond, Petitioner filed his current immigration habeas petition on or about April 25, 2016. (ECF No. 1). In that petition, Petitioner presented this Court with two claims – that the immigration judge improperly concluded that he was a flight risk and danger based on his criminal history, and that the bond hearing he received denied him due process because the immigration judge improperly placed the burden upon Petitioner rather than the Government. (*Id.*). On April 28, 2016, this Court screened the petition and ordered the Government to respond. (ECF No. 2). In so doing, however, this Court dismissed Petitioner's first claim, that the immigration judge's bond denial was incorrect on the merits, because this Court has no jurisdiction to consider such a claim, *see* 8 U.S.C. § 1226(e). (ECF No. 2 at 2-3). The Government was directed, however, to respond to Petitioner's claim regarding the burden of proof being placed upon him at the bond hearing. (*Id.*). The Government filed its response on July 18, 2016. (ECF No. 4). Following an extension of time and the denial of his motion to strike (*see* ECF Nos. 5-8), Petitioner filed a reply brief on October 6, 2016. (ECF No. 9). On December 5, 2016, this Court received another letter from Petitioner informing the Court that he has been moved from the Essex County Correctional Facility to the Atlantic County Jail. (ECF No. 10).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction,

and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

In its response to Petitioner's habeas petition, the Government argues that Petitioner has not yet exhausted his current claims because, at the time he filed his petition, Petitioner had not yet presented his due process argument to the Board of Immigration Appeals through his appeal of his bond denial and removal order. (ECF No. 4). As in all habeas petitions, an immigration detainee seeking review of his detention in this Court via a writ of habeas corpus must first exhaust his administrative remedies in the immigration courts before pursuing his habeas petition. *See Yi v. Maugans*, 24 F.3d 500, 503-04 (3d Cir. 1994); *see also Okonkwo v. I.N.S.*, 69 F. App'x 57, 59-60 (3d Cir. 2003). While it was true at the time that the Government filed its response that the BIA had yet to rule on Petitioner's bond appeal, the BIA affirmed the denial of bond in August 2016. (ECF No. 9 at 15-17). In affirming the denial of bond for Petitioner, the BIA ruled as follows:

> We agree with the Immigration Judge's determination that [Petitioner] is a danger to the community, such that no bond is appropriate. In a custody redetermination . . . the Immigration Judge has wide discretion in deciding the factors that may be considered. In 2005, [Petitioner] was convicted of robbery . . . and was sentenced to a term of imprisonment of 8 years. He conceded that his offense constitutes an aggravated felony as a crime of violence and theft[.] The Immigration Judge properly balanced the seriousness of the offense with the positive equities presented by [Petitioner].
>
> Based on the foregoing, we agree that [Petitioner]'s continued detention is necessary to fulfill the purposes of the detention statute. The Immigration Judge's decision [denying bond] is thus affirmed.

(ECF No. 9 at 16, internal citations omitted). As the BIA has decided Petitioner's administrative appeal, it appears that Petitioner's claims are now exhausted, and this Court will therefore consider Petitioner's Due Process Claim on the merits. *Yi*, 24 F.3d at 503-04 (district court can review immigration habeas claim once the BIA has dealt with the alien's administrative appeal).

Following this Court's screening Order, only a single claim remains before this Court – Petitioner's assertion that the immigration judge improperly placed the burden of proof upon him to prove his entitlement to bond during his bond hearing. In *Diop*, the Third Circuit established that, where this Court determines that a given alien's continued detention under § 1226(c) is unreasonable absent a bond determination, "the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof." 656 F.3d at 235. At such a hearing, the Government must therefore prove that the alien's continued detention "is necessary to fulfill the purposes of the detention statute," specifically that Petitioner not be a danger to the community and that Petition appear at removal proceedings. *Id.* at 233-35. Thus, Due Process requires that, at a bond hearing pursuant to *Diop* and *Chavez-Alvarez*, the Government bear the burden of proving that the petitioner is either a flight risk or danger to the community, and it is only where the Government does so that a Petitioner may be denied bond. *Id.*; *see also Leslie*, 678 F.3d at 271; *Chavez-Alvarez*, 783 F.3d at 478.

In this matter, Petitioner contends that the burden of proof was improperly placed upon him rather than upon the Government. The immigration judge's written memorandum, however, specifically disproves that statement. While it is understandable that Petitioner may have been somewhat confused given the immigration judge's retreading issues already decided by this Court

7

– whether *Chavez-Alvarez* required a bond hearing[1] – it is clear that the immigration judge considered Petitioner's history and characteristics and determined that the Government had met its burden and shown that Petitioner was both a danger to the community at large, and a flight risk. The BIA thereafter upheld that decision. Thus, the immigration court did consider Petitioner's entitlement to bond under the appropriate standard and with the burden placed firmly upon the Government, and determined that Petitioner was not entitled to bond as the Government had met that burden. Petitioner's contention that he was denied Due Process because he was improperly required to bear the burden of proof is therefore without merit. It is clear from the immigration judge's memorandum that the Government was put to its burden, that it cleared that burden by showing Petitioner to be a flight risk and danger to the immigration judge's satisfaction, and that Petitioner's bond hearing thus complied with the requirements of Due Process. *See Diop*, 656 F.3d at 233-35; *Leslie*, 678 F.3d at 271; *Chavez-Alvarez*, 783 F.3d at 478. Petitioner's habeas petition must therefore be denied.

### III. CONCLUSION

For the reasons stated above, the petition is denied. An appropriate order follows.

Dated: 12/8/16

Hon. Jose L. Linares,
United States District Judge

---

[1] This Court finds it puzzling that the immigration judge felt that he had the authority to reconsider this Court's finding that Petitioner's continued detention without a bond hearing was unreasonable under *Chavez-Alvarez*, and problematic that, despite this Court's determination to the contrary in granting Petitioner a bond hearing, the immigration judge concluded that Petitioner's continued detention without bond was reasonable. (*See* Document 2 attached to ECF No. 4 at 3-5). The immigration judge's decision to proceed as such may well be the cause of much of Petitioner's confusion. Because, despite this finding, the immigration judge ultimately considered Petitioner's entitlement to bond under the proper standard while placing the burden of proof upon the Government as discussed herein, however, Petitioner clearly received what Due Process requires, and the immigration judge's reconsideration of *Chavez-Alvarez* is immaterial to Petitioner's current challenge.

8